Basham, Appellant, *v.* Jackson, Director, et al., Appellees.

[Cite as Basham v. Jackson (1977), 51 Ohio App. 2d 100.]

(No. 77AP-1—Decided April 7, 1977.)

*Messrs. Rini, Cosiano & Pedley,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Thomas E. Turk,* for appellees Richard Jackson and the state of Ohio.

*Mr. Thomas A. Smith,* for appellee city of Cleveland.

HOLMES, J. This matter involves the appeal of a judgment of the Court of Claims which, upon motion, dismissed the city of Cleveland as a defendant, on the basis that the Court of Claims had no jurisdiction over the city, a political subdivision of the state.

Plaintiff filed a complaint in the Court of Claims against Richard Jackson, the Director of Transportation for the state, and against the city of Cleveland. Plaintiff alleged that the defendants were negligent in the maintenance and the repair of the interbelt bridge in the city of Cleveland and that the defendants had failed to keep the highway open, in repair and free from nuisance, and as a result, the plaintiff, a passenger in an automobile that hit a chuck hole, went out of control and over the bridge, was seriously injured in the resulting accident.

Defendant Richard Jackson and the state filed an answer. Defendant city of Cleveland filed a motion to dismiss on the basis of lack of jurisdiction of the Court of Claims over it, and the trial court sustained the motion.

The plaintiff appeals, setting forth the single assignment of error:

"The Court of Claims erred in determining that it had no jurisdiction over the City of Cleveland and in dismissing the City as a party defendant."

We must sustain the assignment of error of the appellant.

By virtue of R. C. 2743.02, the state has waived its historic immunity from liability and consented to be sued in certain instances, subject to the limitations set forth in R. C. Chapter 2743.

By statutory definition, set forth in R. C. 2743.01, the waiver of immunity by the state does not include political subdivisions. It is fundamental that a municipality, such as defendant city of Cleveland, is a political subdivision. It may appear that this would answer the question before this court, however, additional provisions of the Court of Claims Act, as well as other sections of law and the appropriate Rules of Civil Procedure, must be considered in order to properly analyze the issue presented.

Even though the Court of Claims Act, waiving the immunity of the state and its agencies and instrumentalities, specifically excludes political subdivisions, including municipalities, the liability in tort of the latter governmental bodies that might be based upon other sections of law has not been abrogated.

By way of R. C. 723.01, municipal corporations have special power to regulate the use of the streets, and by the provisions of such section, the legislative authority of such municipal corporations "shall have the care, supervision, and control of public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts, and viaducts within the municipal corporation, and shall cause them to be kept open, in repair, and free from nuisance."

Therefore, the duty of the city of Cleveland to cause the highways and bridges involved here to be kept open, in repair, and free from nuisance, and its obligation to respond to a citizen for a breach of such duty has not been abrogated by the Court of Claims Act.

R. C. 2743.03, creating the Court of Claims, empowered such court with "* * * exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code * * * "

Subsection (D) of this section provides:

"The Rules of Civil Procedure shall govern practice and procedure in all actions in the court except insofar as

inconsistent with this chapter. The supreme court may promulgate rules governing practice and procedure in actions in the court as provided in Section 5 of Article IV, Ohio Constitution."

Subsection (E)(1), in part, provides:

"A party who files a counterclaim against the state or makes the state a third-party defendant in an action commenced in any court, other than the court of claims, shall file in the court of claims a petition for removal. * * *"

Subsection (E)(2) reads as follows:

"Within seven days after filing a petition for removal, the petitioner shall give written notice to the parties and shall file a copy of the petition with the clerk of the court in which the action was originally brought. The filing effects the removal of the action to the court of claims, and the clerk of the court where the action was brought shall forward all papers in the case to the court of claims. The court of claims shall adjudicate all claims removed. The court may remand a claim to the court in which it originated upon a finding that the removal petition does not justify removal or upon a finding that the state is no longer a party."

Civ. R. 20, in pertinent part, states as follows:

"(A) Permissive joinder. * * * All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or succession or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief remanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities."

Here, the plaintiff, having invoked the jurisdiction of the Court of Claims, by bringing an action against the state and its director of highways, sought to join the city of Cleveland, in which municipality the particular highway was located, and the Court of Claims dismissed this mu-

nicipality on the basis of absence of jurisdiction.

After reading all applicable sections of the Court of Claims Act and applying the applicable Rule of Civil Procedure made referable to the proceeding, we come to the conclusion that the reasonable interpretation of such statutes and rule requires the joinder of the municipality in this action. Such a determination comports with the philosophy of the civil rules to adjudicate all appropriately brought claims and causes, between all appropriate parties, in one suit.

Also, our determination would reasonably seem to comport with the limitation of actions philosophy within the Court of Claims Act itself. If the plaintiff had proceeded against the city of Cleveland in the Court of Common Pleas of Cuyahoga County, the city could have filed a third-party complaint against the state, and the matter would have been remanded to the Court of Claims.

However, in the latter example, the remand could only be occasioned if the defendant city joined the state by filing a counterclaim or a third-party claim. If the city elected not to so join the state, the plaintiff would be relegated to two causes of action, one against the municipality in the Court of Common Pleas, and the other against the state in the Court of Claims.

We believe that the more sound interpretation of the Court of Claims Act in this regard would permit a plaintiff to join in one action the parties defendant when there is asserted against such parties, jointly, severally, or in the alternative, any right to relief in respect to or arising out of the same transaction or occurrence. Such a right was alleged in this action.

Based upon all of the foregoing, the assignment of error is sustained, and the judgment of the Court of Claims is hereby reversed, and this matter is remanded to such court for further proceeding in accordance with law and with this decision.

*Judgment reversed.*

STRAUSBAUGH, P. J., and McCORMAC, J., concur.